<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHAKIR BERRIAN, <br><br> Defendant. | Case No. 2:18-cr-562 (BRM) (JBC) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Defendant Shakir Berrian's ("Berrian") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 52.) Plaintiff the United States of America (the "Government") filed an Opposition to Berrian's Motion. (ECF No. 54.) Having reviewed the parties' submissions filed in connection with the Motion, for the reasons set forth below and for good cause having been shown, Berrian's Motion is **DENIED**.

I.  **BACKGROUND**

On September 18, 2018, Berrian pleaded guilty to a three-count information, charging him with Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); carjacking, in violation of 18 U.S.C. § 2119 (Count Two); and knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence, specifically, the carjacking charged in Count Two, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (2) (Count Three). (ECF No. 18.) In the plea agreement dated June 27, 2018, the parties found a sentencing range ("Guideline") of 85 to 120

months as reasonable under Section 3553(a). (*Id*. at 9.) On March 20, 2019, the Court imposed a sentence of 120 months of imprisonment (*id*. at 2) and five years of supervised release (*id*. at 3). Berrian has served approximately fifty percent of his 120-month sentence. (ECF No. 52 at 5), which began in March 2019. (ECF No. 21 at 1.) Berrian is currently serving time at the United States Penitentiary in Hazelton, WV. (ECF No. 36 at 1.)

On April 25, 2019, Berrian appealed his sentence, and on February 12, 2020, that appeal was dismissed pursuant to Fed. R. App. P. 42(b). (ECF Nos. 22, 30.) On March 15, 2021, Berrian filed a Motion to Vacate Sentence (ECF No. 36)[1] pursuant to 28 U.S.C. § 2255, which the Government opposed on June 20, 2021 (ECF No. 38). The Motion to Vacate was terminated on March 8, 2022 under Section 2255. On June 14, 2022, Berrian filed his Motion for Reduction of Sentence (ECF No. 40)[2], based on: (1) having previously contracted COVID-19; and (2) lead poisoning[3] that he suffered as a child. (ECF No. 40 at 6.)

On October 25, 2022, this Court signed an Order denying the Motion for Reduction of Sentence. (ECF No. 49.) Although the Court found Berrian did not satisfy the statutory exhaustion requirement required by 18 U.S.C. § 3582 (*id*. ¶ 4), the Court analyzed the extraordinary and

---

[1] In *Berrian v. United States*, No. 21-5348, Berrian argued that a Hobbs Act robbery was no longer a crime of violence, and therefore his conviction could no longer stand. (ECF No. 36 at 4.) The Motion was denied on March 8, 2022 because the case Berrian referenced was decided three years prior to his motion for reconsideration. (ECF No. 24 at 1.) The Court's Order stated that Berrian's letter appeared to be a motion for compassionate release/reduction of sentence, and should be appropriately raised in the criminal matter of this opinion. (*Id*. at 2.)

[2] Berrian initially filed a Petition for Commutation of Sentence ("Petition"). (ECF No. 40). The Clerk notified via quality control message the Petition would be treated as an Emergent Motion for a Sentence Reduction on June 21, 2022.

[3] Berrian claims that his history of lead poisoning resulted in a history of "auditory and visual hallucinations" that have caused him "fairly serious disabilities and deficits that have limited [his] academic prospects.) (ECF No. 40 at 6.) FSA assignments listed on the June 8, 2022, progress report do not show a need for medical or mental health care. (*Id*. at 13.)

compelling reasons and Section 3553(a) factors regarding Berrian's Motion for Reduction of Sentence. On April 18, 2023, Berrian filed another Motion for Compassionate Release. (ECF No. 52.) On May 29, 2023, the Government opposed the Motion. (ECF No. 54.)

## II.   LEGAL STANDARD

A district court may modify a sentence of imprisonment only in "limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). One such circumstances is compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The statute, as amended by the First Step Act of 2018, allows a motion for such relief to be brought by either the Director of the Bureau of Prisons ("BOP") or by defendants after exhausting their administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). A court may reduce a sentence if the court finds the following: (1) there are "extraordinary and compelling reasons" which warrant a reduction; (2) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate reducing the sentence would be appropriate. 18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission has promulgated a policy statement, in relevant part, allowing a court to grant compassionate release or a sentence reduction upon a finding of (i) extraordinary and compelling reasons; (ii) the defendant is not a danger to the safety of others or to the community; and (iii) release from custody complies with the Section 3553(a) factors, to the extent applicable ("Policy Statement"). *United States v. Williams*, No. 17-0379, 2021 U.S. Dist. LEXIS 1261, 2021 WL 37536, at *2 (D.N.J. Jan. 4, 2021) (citing U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 1B1.13 (U.S. Sentencing Comm'n 2018)).

Neither Section 3582(c)(1)(A) nor the Policy Statement define the key terms "extraordinary and compelling," "apparently providing courts with some flexibility and discretion to consider the unique circumstances of a motion for compassionate release." *United States v. Batista*, No. 18-415, 2020 U.S. Dist. LEXIS 139068, 2020 WL 4500044, at *2 (D.N.J. Aug. 5, 2020) (appeal dismissed in *USA v. Batista*, No. 20-2746, 2021 U.S. App. LEXIS 5574, 2021 WL 688971 (3d Cir. Feb. 4, 2021) (citing *United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020))). The Sentencing Commission has defined the term "under the previous version of section 3582(c)(1)(A)," but it has not "updated its Policy Statement since the passage of the First Step Act." *United States v. Alexander*, No. 19-32, 2020 U.S. Dist. LEXIS 85609, 2020 WL 2507778, at *3 (D.N.J. May 15, 2020) (citing *Rodriguez*, 451 F. Supp. 3d at 397). Nevertheless, "the present Policy Statement provides useful guidance for district courts in identifying extraordinary and compelling reasons for a defendant's eligibility for compassionate release." *United States v. Gwaltney*, No. 17-00381, 2020 U.S. Dist. LEXIS 186893, 2020 WL 5983161, at *2 (D.N.J. Oct. 8, 2020) (citations omitted) (appeal dismissed in *USA v. Gwaltney*, No. 20-3176, 2021 U.S. App. LEXIS 13118, 2021 WL 1691886 (3d Cir. Feb. 24, 2021)).

"The Sentencing Commission's Policy Statement provides that a defendant may demonstrate extraordinary and compelling reasons for compassionate release based on: (1) the medical condition of the defendant; (2) the age of the defendant; (3) the defendant's family circumstances; or (4) for 'other reasons.'" 2020 U.S. Dist. LEXIS 186893, [WL] at *5 (citing U.S.S.G. § 1B1.13 cmt. n.1). The defendant's "[m]edical [c]ondition," constitutes an extraordinary and compelling reason when:

> (i) The defendant is suffering from a terminal illness . . . ; [or]
> (ii) The defendant is —
>     (I)   suffering from a serious physical or medical
>           condition,

    (II)  suffering from a serious functional or cognitive impairment, or

    (III)  experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A). Further, the Court may consider family circumstances when "the defendant would be the only available caregiver for the spouse." *Id*. cmt. 1(c)(i)–(ii).

"Compassionate release is discretionary, not mandatory; even if a defendant is eligible, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors." *United States v. Parnell*, No. 21-2312, 2022 U.S. App. LEXIS 510, at *3 (3d Cir. Jan. 7, 2022) (citations omitted).

**III.** **DECISION**

Berrian has satisfied the statutory exhaustion requirement.[4] Berrian filed a request to the BOP on March 29, 2023 for home confinement and compassionate release. (ECF No. 52 at 5.) On April 3, 2023, the request was denied and became eligible for appeal. (*Id*.) The Government does not argue that Berrian has not satisfied the statutory exhaustion requirement in its opposition. (ECF No. 54.) The Court turns to the substance of the Motion.

  **A.** **"Extraordinary and Compelling Reasons" and the Policy Statement**

Berrian asserts his high blood pressure and lead poisoning put him at high risk of becoming infected with COVID-19, and the need to care for his wife and two sons, as reasons for his

---

[4] Section 3582(c)(1)(A) provides a court entertain a motion for compassionate release "only after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" *See United States v. Johnson*, No. 21-2649, 2022 U.S. App. LEXIS 12039, 2022 WL 1402048, at *1 (3d Cir. May 4, 2022) (quoting 18 U.S.C. § 3582(c)).

compassionate release. (ECF No. 52 at 2.) The Government contends Berrian's conditions do not constitute the type of extraordinary and compelling reasons necessary for relief. (ECF No. 54 at 6.) The Government also deems Berrian's requests as "redundant reiterations of the request relief that this Court already denied in its prior decision." (*Id*. at 6; ECF No. 49.)

The Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 597 (3d Cir. 2020). Accordingly, the mere presence of COVID-19 in a prison does not entitle every offender with a medical condition to compassionate release. *See*, *e.g.*, *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020).

Accordingly, "[f]or the prisoner's health to count as an extraordinary and compelling reason," the defendant must overcome a "high bar." *United States v. Estevez-Ulloa*, No. 21-2432, 2022 U.S. App. LEXIS 10626, 2022 WL 1165771, at *1 (3d Cir. Apr. 20, 2022). Most importantly, the Third Circuit concluded "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *Id*. Courts consistently consider two components when inquiring about the existence of extraordinary and compelling reasons: "(a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-0101, 2020 U.S. Dist. LEXIS 132220, 2020 WL 4282747, at *3 (D.N.J. July 27, 2020).

The Court considered Berrian's history with COVID-19 and lead poisoning when it denied Berrian's initial Motion for Compassionate Release on October 25, 2022. (ECF No. 49 ¶ 8.) The Court found that Berrian did not identify a medical condition that may have made him eligible for compassionate release. (*Id*.) *See United States v. Wilkerson*, No. 18-109, 2022 U.S. Dist. LEXIS

164284, at *12 (W.D. Pa. June 14, 2022) (declining to find "extraordinary and compelling" circumstances existed where the defendant had neither provided medical documentation of his alleged increased stress, high blood pressure, and depression, nor even alleged that he sought treatment for any of these conditions). Although Berrian has previously contracted COVID-19, and it is unclear if he has received a vaccine, the "availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Echevarria*, No. 21-3273, 2022 U.S. App. LEXIS 12140, 2022 WL 1421169, at *1 (3d Cir. May 5, 2022) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Additionally, high blood pressure on its own is not an extraordinary and compelling reason. *See, e.g., United States v. Moquete*, App. No. 21-2670, 2022 U.S. App. LEXIS 12939, at *2–4 (3d Cir. Apr. 14, 2022) (finding that a defendant with high blood pressure did not suffer life-threatening medical conditions, could perform normal activities of daily living, and insufficient medical records to support his assertion did not establish extraordinary or compelling reasons for release). Therefore, the Court concludes Berrian's speculated risk of illness from COVID-19 is not an extraordinary and compelling reason for his compassionate release.

Regarding Berrian's request for relief to care for his wife and two sons, "defendants who are incarcerated are [regularly] separated from their families, including a spouse, a child, even newborn children. For that reason, these circumstances simply cannot be considered extraordinary." *United States v. Pilgrim*, Crim. No. 19-50-01, 2021 U.S. Dist. LEXIS 94943, at *8-9 (E.D. Va. May 18, 2021). Therefore, Berrian does not meet the required "extraordinary and compelling" standard for his sentence reduction.

### B. Section 3553(a) Factors

Even if the Court were to find extraordinary and compelling reasons were present, Berrian has not demonstrated compassionate release would be appropriate under Section 3553(a). 18 U.S.C. § 3582(c)(1)(A).

Berrian asserts he is not a threat to the community and has remained free of disciplinary infractions while incarcerated. (ECF No. 52 at 3.) He also asserts his "rehabilitation while incarcerated warrants that relief," (*id*. at 2), providing certificates demonstrating completion of recidivism-reducing growth programs. (ECF No. 40 at 16–17.) The Government contends the nature and circumstances of the offense, the seriousness of the offense, and Berrian's history and characteristics were each considered and properly reflected in the sentencing pursuant to 18 U.S.C. §§ 3553(a)(1)–(a)(2)(A). (ECF No. 54 at 7–8.) Additionally, the Government argues the Section 3553(a) factors were considered when the Court denied Berrian's previous Motion for Compassionate Release, and "nothing has changed." (*Id*. at 7.) The Court agrees.

The Court applauds Berrian's effort to rehabilitate his character while incarcerated. Nonetheless, the Court finds the applicable sentencing factors under Section 3553(a) do not support granting Berrian's motion.  Here, the nature and circumstances of Berrian's offense, and his criminal history, are serious. (*Id*. at 8.) The Court considered Berrian's difficult upbringing, including his absentee father, the lead poisoning he suffered when he was three years old, and his mother's incarceration when he was eight years old, as well as his fatherhood to three children, the seriousness of the offenses to which he pleaded guilty, his rehabilitation efforts, and his criminal history, resulting in the Court sentencing him to the highest end of the Guideline range. (ECF No. 25.) Berrian's arguments presented in his motion are strikingly similar to those considered at sentencing on March 20, 2019. (*Id*.) Therefore, the Motion is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Berrian's Motion is **DENIED**. An appropriate order follows.

                                                */s/ Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**

Dated: August 31, 2023